NATIONAL EQUIPMENT RENTAL, LTD., Plaintiff,

v.

HOLES, INC., and Machine Tool Corporation, Defendants.

No. CV 76–3766–AAH.

United States District Court, C. D. California.

Nov. 8, 1978.

Marvin H. Zinman, Los Angeles, Cal., for plaintiff.

Ronald D. Davis, Orange, Cal., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

THIS MATTER having come before the court for trial on January 16, 1978, after thorough consideration of pleadings, memoranda, testimony of witnesses, and other matters of evidence, and the oral arguments made at the conclusion of the trial, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. Plaintiff brought this action predicating federal jurisdiction on diversity grounds in that the plaintiff, NATIONAL EQUIPMENT RENTAL is a Delaware corporation, with its principal place of business in the State of New York, and defendants are citizens and residents of the State of California. The amount in controversy exceed-

ed $10,000.00, exclusive of interest and costs. The case is before the Court on transfer pursuant to 28 U.S.C. § 1404(a) from the United States District Court from the Eastern District of New York.

2. On September 11, 1974, HOLES, INC. and MACHINE CONTROL CORPORATION, as co-leasees, jointly and severally entered into a written equipment lease with ADVANCED LEASING SERVICES, INC., by which they leased one model MCC 4100, four-station numerically controlled printed circuit board drilling machine, without programming, serial number 1041 (hereinafter referred to as MCC 1041). By the terms of the lease, the leasees agreed to pay $1,846.52 per month for 57 months. The leasing agreement constituted a security agreement/financing statement.

3. On September 11, 1974, defendants BUEL JAMES HASTIN and ALICE B. HASTIN, executed a written Guarantee of Payment, guaranteeing payment under the lease between ADVANCED and co-leasees, HOLES, INC., and MACHINE CONTROL CORPORATION. Said agreement constituted a security agreement/financing statement.

4. On September 12, 1974, ADVANCED LEASING SERVICES, INC., for value received, assigned the equipment lease and guarantee to NATIONAL EQUIPMENT RENTAL, LTD., with the knowledge and consent of defendants, HOLES, INC., BUEL JAMES HASTIN and ALICE B. HASTIN. Said assignment constituted a security agreement/financing statement.

5. Prior to April of 1975, MCC 1041 was delivered to and in use at the premises of HOLES, INC., at 2101 S. Lyon, Santa Ana, California.

6. On or about April 16, 1975, co-leasees, HOLES, INC. and MACHINE CONTROL CORPORATION, were in default on the equipment lease in that they had not made timely and sufficient payments.

7. On or about April 16, 1975, by and through HOLES, INC.'s attorney, NATIONAL EQUIPMENT RENTAL was advised that HOLES, INC. was no longer able to continue in business. Additionally, NATIONAL EQUIPMENT RENTAL was advised that HOLES, INC. desired to return the machine to NATIONAL EQUIPMENT RENTAL.

8. On or about April 16, 1975, NATIONAL EQUIPMENT RENTAL had determined that they would repossess MCC 1041 from HOLES, INC.

9. On or about April 17, 1975, NATIONAL EQUIPMENT RENTAL contacted co-leasee, MACHINE CONTROL CORPORATION. At that time they agreed as follows: That MACHINE CONTROL CORPORATION would repossess MCC 1041 on behalf of NATIONAL EQUIPMENT RENTAL, LTD.; that MACHINE CONTROL CORPORATION would revamp and modify the machine and attempt to relet the machine to a prospective leasee for the sum of $2,000 per month for the benefit of NATIONAL EQUIPMENT RENTAL, LTD.; and that all rentals paid by any new leasee would be paid to NATIONAL EQUIPMENT RENTAL, LTD.

10. On or about April 17, 1975, NATIONAL EQUIPMENT RENTAL, LTD. contacted HOLES, INC. to determine whether or not they would consent to having MCC 1041 taken to MACHINE CONTROL CORPORATION for the purpose of revamping and modifying and reletting to a third party with rent payable to NATIONAL EQUIPMENT RENTAL, LTD. HOLES, INC., so agreed by way of novation, explicit and implied, with the understanding that neither they, nor the guarantors would have any liability of any sort, and accordingly, gave up possession of the equipment to MACHINE CONTROL CORPORATION.

11. Thereafter MACHINE CONTROL CORPORATION held the equipment not as a co-leasee of HOLES, INC., or as a leasee of NATIONAL EQUIPMENT RENTAL, LTD., but as an agent of NATIONAL EQUIPMENT RENTAL, LTD. for purposes of revamping and modifying MCC 1041, and leasing the machine to a third party for NATIONAL EQUIPMENT RENTAL, LTD.'s benefit.

12. From the date of repossession until June 17, 1976, NATIONAL EQUIPMENT RENTAL, LTD. did little or nothing to insure that the machine was being revamped, altered or reconditioned, or to determine whether or not its agent MACHINE CONTROL CORPORATION was diligently attempting to relet the machine.

13. By tendering the machine to NATIONAL EQUIPMENT RENTAL, LTD., HOLES, INC. did so with the understanding that they would have no further liability under the lease dated September 11, 1974, or that there would be any liability to the guarantors, BUEL JAMES HASTIN, and ALICE B. HASTIN.

14. On April 17, 1975, NATIONAL EQUIPMENT RENTAL, LTD. released HOLES, INC., BUEL JAMES HASTIN and ALICE B. HASTIN, from any liability under the lease of September 11, 1974, or Guarantee of September 11, 1974.

15. From April 17, 1975, until June 17, 1976, MCC 1041 was in the care, custody and control of NATIONAL EQUIPMENT RENTAL, LTD. and during that period of time NATIONAL EQUIPMENT RENTAL, LTD. did not act in good faith and in a commercially reasonable manner.

16. That MCC 1041 was sold on or about June, 1976.

17. At no time did NATIONAL EQUIPMENT RENTAL, LTD. give HOLES, INC. or BUEL JAMES HASTIN, or ALICE B. HASTIN, written notice of any public or private sale, or other intended disposition of MCC 1041.

18. MCC 1041 was not perishable and did not threaten to decline speedily in value, nor was it the type of machine customarily sold on recognized markets.

19. That the written agreement sued upon provides for reasonable attorney's fees to the prevailing party and that legal fees in the sum of $4,000.00 of RONALD D. DAVIS, are reasonable.

20. To the extent that any of these findings of fact also contain conclusions of law, they shall be deemed incorporated within the conclusions of law.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties in this action.

2. This Court has jurisdiction over the subject matter of the action.

3. That the equipment lease, assignment and guarantee agreement, all constituted security agreements/financing statements, within the meaning of California Commercial Code, § 9504.

4. That on or about April 17, 1975, MACHINE CONTROL CORPORATION became the agent of plaintiff, NATIONAL EQUIPMENT RENTAL, LTD., for the purpose of revamping, modifying and reletting MCC 1041.

5. On or about April 17, 1975, NATIONAL EQUIPMENT RENTAL, LTD., HOLES, INC. and MACHINE CONTROL CORPORATION entered into an oral agreement whereby they agreed to completely abrogate and extinguish the existing contract or any liability of any of the parties, which might be predicated on that lease entered into on September 11, 1974, the assignment, and the guarantee of the obligation, and in place and instead of said agreements substituted a new and different agreement, by way of novation, explicit and implied, which permitted NATIONAL EQUIPMENT RENTAL, LTD. to modify and revamp MCC 1041 and have MACHINE CONTROL CORPORATION relet same to another party, all to the benefit of NATIONAL EQUIPMENT RENTAL. Said new agreement was valid and enforceable, and extinguished any liability of HOLES, INC., BUEL JAMES HASTIN and ALICE B. HASTIN, pursuant to California Civil Code, § 1698.

6. The new oral agreement became fully effective upon delivery or tender of the MCC 1041 to NATIONAL EQUIPMENT RENTAL, LTD.'s new agent, MACHINE CONTROL CORPORATION, and was in accordance with California Civil Code, § 1698.

7. After April 17, 1975, NATIONAL EQUIPMENT RENTAL, LTD. did not act

in good faith and in a commercially reasonable manner in accordance with the provisions of California Commercial Code, § 9504(3). Plaintiff at no time provided the HASTINS or HOLES, INC. with any notice of any public or private sale, or other intended disposition of the MCC 1041. That while the machine was sold during, or near the month of June, 1976, no notice of said intended sale or disposition was given to HOLES, INC. or BUEL JAMES HASTIN, or ALICE B. HASTIN. Accordingly, NATIONAL EQUIPMENT RENTAL, LTD. is not entitled to any deficiency predicated on such sale.

8. Further, the conduct of NATIONAL EQUIPMENT RENTAL, LTD. between April 17, 1975, and June of 1976, did not constitute good faith attempt to sell or lease the MCC 1041, nor did NATIONAL EQUIPMENT RENTAL, LTD. act in a commercially reasonable manner by delaying any sale, or by conducting a sale over a year after repossession, and are not entitled to deficiency judgment under California Commercial Code, § 9504.

9. Reasonable attorney's fees should be awarded defendant in the sum of $4,000.00, pursuant to California Civil Code, § 1717.

10. Judgment should be entered in favor of defendants and against plaintiff, awarding nothing to plaintiff by reason of its complaint and any and all causes of action set forth therein, dismissing plaintiffs' action, and awarding defendants costs of suit incurred herein.

11. To the extent that these conclusions of law contain any findings of fact, they shall be deemed incorporated within the findings of fact.